UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RYAN JOE CODDINGTON,

Petitioner,

v.

JOHN HENLEY, *et al.,*

Respondents.

Case No. 3:26-cv-00024-ART-CSD

ORDER

This action is a petition for writ of habeas corpus under 28 U.S.C. § 2254 by Ryan Joe Coddington, an individual incarcerated at the Northern Nevada Correctional Center. On January 13, 2026, the Court received from Coddington an Application to Proceed *in Forma Pauperis* (ECF No. 1) along with a *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-2) and a Motion to File Petition Exceeding Page Limit (ECF No. 1-1). On the same date, the Court received from the Nevada Department of Corrections a financial certificate regarding Coddington's prison accounts. (ECF No. 4.)

The information in the financial certificate shows that Coddington is able to pay the $5 filing fee for this action. Therefore, the Court will deny Coddington's *in forma pauperis* application and will require Coddington to pay the filing fee. However, the Court will not set a deadline for payment of the filing fee until after appointed counsel appears for Coddington.

Coddington's Motion to File Petition Exceeding Page Limit (ECF No. 1-1) is unnecessary. The page limits set forth in the Court's local rules do not apply to habeas corpus petitions. *See* Local Rule LSR 3-2(b). The motion will be denied on that ground. Coddington's habeas petition will be filed as is.

The Court has examined Coddington's habeas petition (ECF No. 1-2) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

1

States District Courts and determines that it merits service upon the respondents. The Court will order the petition served upon the respondents and will order the respondents to appear, but will not require any further action on the part of the respondents at this time.

State prisoners not sentenced to death applying for habeas corpus relief in federal court are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require. 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. Coddington's filings indicate that this action may be relatively complex, procedurally and with respect to the merits of Coddington's claims, and that Coddington may not be able to litigate it *pro se.* Coddington has not filed a motion for appointment of counsel; however, the Court finds that the interests of justice call for appointment of counsel. Therefore, the Court will appoint the Federal Public Defender for the District of Nevada (FPD) to represent him. If Coddington does not wish to have appointed counsel, he may file a motion for reconsideration of the appointment within 30 days of the entry of this order.

It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 1) is denied. However, the requirement that Petitioner pay the filing fee is suspended. The Court will set a deadline for Petitioner to pay the $5 filing fee after appointed counsel appears for him.

It is further ordered that Petitioner's Motion to File Petition Exceeding Page Limit (ECF No. 1-1) is denied as unnecessary.

It is further ordered that the Clerk of the Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-2).

It is further ordered that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Petitioner. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

It is further ordered that, if Petitioner does not wish to have appointed counsel, he may file a motion for reconsideration of the appointment within 30 days after the entry of this order.

It is further ordered that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-2).

It is further ordered that the FPD will have 30 days after the entry of this order to file a notice of appearance or to indicate to the Court its inability to represent Petitioner.

It is further ordered that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

It is further ordered that Respondents will have 30 days after the entry of this order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

DATED THIS 16th day of January 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3